**BOWLES, Price Adm'r, OPA, v. BROWN et al.**

No. 7265.

District Court, D. New Jersey.

Oct. 10, 1946.

Raymond J. Otis, of Newark, N. J., Dist. Enforcement Atty. for OPA.

Jacob S. Spiro, of New York City, for respondents.

SMITH, District Judge.

This matter is before the Court on the application of the petitioner, the Administrator, pursuant to the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., and particularly Section 202(e) thereof, 50 U.S.C.A.Appendix, § 922(c), to compel obedience by the respondents to a subpena duces tecum signed and issued by a District Director of the Office of Price Administration. This application is opposed by the respondents, who challenge the validity of the subpena duces tecum on the ground that the District Director is without authority under the said Act to sign and issue subpenas.

The subpena in question was signed and issued by the District Director pursuant to the authority conferred upon him by Revised General Order 53,[1] promulgated by the Administrator pursuant to Section 201(d) of the said Act, 50 U.S.C.A.Appendix, § 921(d). This subpena was duly served, as appears from the return endorsed thereon. The respondents failed to obey its command and the present application followed.

It is the contention of the respondents that this subpena was void because the Administrator was without authority to delegate his statutory power to sign and issue subpenas. We must agree with this contention. Cudahy Packing Co. v. Holland, 315 U.S. 357, 62 S.Ct. 651, 86 L.Ed. 895.

It is argued by the petitioner that his authority to delegate the subpena power vested in him by the Act is derived from subdivisions (a), (b), and (d) of Section 201 thereof, 50 U.S.C.A.Appendix, § 921(a), (b) and (d), the pertinent provisions of which follow:

"(a) There is hereby created an Office of Price Administration, which shall be under the direction of a Price Administrator (referred to in this Act as the "Administrator"). * * *. The Administrator may, * * * appoint such employees as he deems necessary in order to carry out his functions and duties under this Act, * * *. The Administrator * * * may utilize and establish such regional, local, or other agencies, and utilize such voluntary and un-

---

[1] "Pursuant to the authority conferred upon the Administrator by the Emergency Price Control Act of 1942 as amended, the following order is prescribed:

"(a) Order delegating authority to sign and issue subpœnas and inspection requirements in rent and price investigations. In connection with any investigation related to the administration or enforcement of the Emergency Price Control Act of 1942 as amended, or any regulation or order issued thereunder, the several Regional Administrators and the several District Directors of the Office of Price Administration are each authorized within their respective regions, or districts to sign and issue; (1) subpœnas requiring any person to appear and testify or to appear and produce documents, or both, at a designated place; * * *.

"(b) The terms used herein shall have the same meaning as in the Emergency Price Control Act.

"Issued and effective this 13th day of May 1944.

"Chester Bowles,
"Administrator."

compensated services, as may from time to time be needed. * * *.

"(b) The principal office of the Administrator shall be in the District of Columbia, but he or any duly authorized representative may exercise any or all of his powers in any place. * * *.

"(d) The Administrator may, from time to time, issue such regulations and orders as he may deem necessary or proper in order to carry out the purposes and provisions of this Act."

It is our opinion that this argument is untenable. Section 202 of the Act, 50 U.S. C.A.Appendix, § 922, and particularly subdivisions (a) and (b) thereof,[2] specifically vests in the Administrator the authority to conduct such investigations and hearings as may be necessary in the discharge of his duties, and, as an incident thereto, the necessary authority to issue subpenas. This authority is expressly vested in the Administrator and may not be delegated to any other person. There is nothing in either Section 202 or 201, upon which the petitioner primarily relies, to sustain the Administrator's attempted delegation of authority by administrative order.

The Supreme Court, passing on comparable provisions of the Fair Labor Standards Act in Cudahy Packing Co. v. Holland, supra, 315 U.S. at page 361, 62 S.Ct. at page 654, stated: "A construction of the Act which would thus permit the Administrator to delegate all his duties, including those involving administrative judgment and discretion which the Act has in terms given only to him, can hardly be accepted unless plainly required by its words."

It is further argued that even if express authority to delegate the subpena power were lacking, "the authority would exist by necessary implication." This argument was advanced in the case of Cudahy Packing Co. v. Holland, and was apparently supported by the grounds urged here. The complete answer to the argument is found in the opinion of the Court, 315 U.S. at page 363, 62 S.Ct. at page 655: "Unlimited authority of an administrative officer to delegate the exercise of the subpoena power is not lightly to be inferred. It is a power capable of oppressive use, especially when it may be indiscriminately delegated and the subpoena is not returnable before a judicial officer. Under the present Act, the subpoena may, as in this case, be used to compel production at a distant place of practically all of the books and records of a manufacturing business, covering considerable periods of time. True, there can be no penalty incurred for contempt before there is a judicial order of enforcement. But the subpoena is in form an official command, and even though improvidently issued it has some coercive tendency, either because of ignorance of their rights on the part of those whom it purports to command or their natural respect for what appears to be an official command, or because of their reluctance to test the subpoena's validity by litigation. All these are cogent reasons for inferring an intention of Congress not to give unrestricted authority to delegate the subpoena power which it has in terms granted only to the responsible head of the agency."

The application of the petitioner is denied.

---

[2] "(a) The Administrator is authorized to make such studies and investigations, to conduct such hearings, and to obtain such information as he deems necessary or proper to assist him in prescribing any regulation or order under this Act * * *, or in the administration and enforcement of this Act * * * and regulations, orders, and price schedules thereunder.

"(b) The Administrator is further authorized, by regulation or order, to require any person who is engaged in the business of dealing with any commodity, * * *, to furnish any such information under oath or affirmation or otherwise, to make and keep records and other documents, and to make reports, and he may require any such person to permit the inspection and copying of records and other documents, the inspection of inventories, * * *. The Administrator may administer oaths and affirmations and may, whenever necessary, by subpena require any such person to appear and testify or to appear and produce documents, or both, at any designated place."